Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Michael M. Arnow;<br><br>       Plaintiff,<br><br>v.<br><br>Potts & Waldron, P.C.; Mark W. Waldron; and Angela Potts;<br><br>       Defendants. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

## I. Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. Plaintiff seeks recovery of statutory damages, actual damages, costs and attorney's fees.

## II. JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331.  Venue

lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

### III.  PARTIES

3. Plaintiff resides in Maricopa County, Arizona.
4. Plaintiff is a natural person allegedly obligated to pay a debt.
5. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).
6. Defendant Potts & Waldron, P.C.(hereinafter "The Firm") is an Arizona professional limited liability company doing business within the State of Arizona as a collection law firm.
7. The Firm collects or attempts to collect debts owed or asserted to be owed or due another.
8. The Firm is a "debt collector" as that term is defined by FDCPA § 1692a(6).
9. Defendant Mark W. Waldron (hereinafter "Waldron") is an individual licensed as an attorney to practice law within the State of Arizona.
10. Waldron collects or attempts to collect debts owed or asserted to be owed or due another.
11. Waldron is a "debt collector" as that term is defined by FDCPA § 1692a(6).
12. Defendant Angela Potts (hereinafter "Potts") is an individual licensed as an attorney to practice law within the State of Arizona.
13. Potts collects or attempts to collect debts owed or asserted to be owed or due another.
14. Potts is a "debt collector" as that term is defined by FDCPA § 1692a(6).

15. At all times relevant herein, Waldron and Potts managed and supervised the day to day collection activities of The Firm.

### IV.  Factual Allegations

16. The nature of the subject debt is homeowners association dues and fees, which were incurred for family, personal or household purposes.

17. On or about November 28, 2011, The Firm mailed or caused to be mailed to Plaintiff a collection letter concerning homeowners dues and fees allegedly owed to Las Sendas Community Association. A copy of the November 28, 2011 letter is attached hereto as Exhibit A.

18. Upon information and belief, Exhibit A was personally reviewed and signed by Waldron prior to it being sent to Plaintiff.

19. Defendants contradict and overshadow the verification / validation notice required by the FDCPA when they threaten in Exhibit A that:

> … **your balance as of November 28, 2011 is $1,579.37.** See enclosed ledger. **This balance must be paid within 30 days from the date of this letter.**
>
> * * *
>
> If Payment or a request for a repayment agreement is not remitted within the specified timeframe, this firm may take further legal action at which time additional attorney fees will be charged to your account.

(emphasis in original).

20. The FDCPA, 15 U.S.C. § 1692g, provides that a debtor has thirty-days "after receipt of the [letter]" to mail his dispute.

21. Defendants also misstate in Exhibit A the verification / validation notice required by the FDCPA, by stating "Unless you dispute the validity of the debt, or any portion thereof, within thirty days from

receipt of this letter, it will be assumed to be valid," rather than as-sumed to be valid *by the debt collector. See* 15 U.S.C. § 1692g(a)(3); *Harlan v. NRA Group, LLC*, 2011 U.S. Dist. LEXIS 12751 (E.D. Pa.); and *Smith v. Hecker*, 2005 U.S. Dist. LEXIS 6598 (E.D. Pa.)

22. As a result and proximate cause of Defendants' actions, Plaintiff has suffered actual damages, including, but not limited to, emotional distress.

## V.  Causes of Action

### a. Fair Debt Collection Practices Act

23. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

24. Defendants' violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(10), 1692f(1), 1692g.

25. As a direct result and proximate cause of Defendants' actions in violation of the FDCPA, Plaintiff has suffered actual damages.

## VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

    a)    Actual damages under the FDCPA;

    b)    Statutory damages under the FDCPA;

    c)    Costs and reasonable attorney's fees pursuant to the FDCPA; and

    d)    Such other relief as may be just and proper.

1
2         DATED  November 27, 2012 .
3
4                                           s/ Floyd W. Bybee
                                          Floyd W. Bybee, #012651
5                                         **BYBEE LAW CENTER, PLC**
                                          90 S. Kyrene Rd., Ste. 5
6                                         Chandler, AZ 85226-4687
                                          Office: (480) 756-8822
7                                         Fax: (480) 302-4186
                                          floyd@bybeelaw.com
8
                                          Attorney for Plaintiff
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25